IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| R.B. BARTON, SABRINA CHAMBERS, JOANNA M. CHAMBERS, TRACY GERMAIT a/k/a NAOLANI SOLOMON, MICHAEL COKEFIELD and JAMES M. HAWKINS<br><br>Plaintiffs,<br>vs.<br><br>JEFFREY NELSON; TIMOTHY STECKER; ALBERT SCHOELEN; and THE CITY OF DALLAS,<br><br>Defendant. | §§§§§§§§§§§§§§<br><br>Civil Action No. _____ |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL - 8 ●●●
CLERK, U.S. DISTRICT COURT
By_____ Deputy

3-08CV1151-B

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiffs R.B. Barton, Sabrina Chambers, Joanna M. Chambers, Tracy Germait a/k/a Naolani Solomon, Michael Cokefield and James M. Hawkins, hereinafter referred to as "Plaintiffs" file this, their Original Complaint, complaining of Jeffrey Nelson, Timothy Stecker, Albert Schoelen and The City of Dallas, Texas("Defendants"), and for Plaintiffs' causes of action would respectfully show the Court the following:

### PARTIES

1. Plaintiffs are all residents of Dallas, Texas.

2. Defendant Jeffrey Nelson is a resident of Dallas, Texas and is or was a Dallas City Police Officer working for the Dallas Police Department and was at all times material,

<u>Plaintiffs' Original Complaint -- Page 1</u>

acting in that capacity and under the color of law. He may be served with process by serving him at 2014 Main Street, Dallas, Dallas County, Texas or wherever he may be found.

3. Defendant Timothy Stecker is a resident of Dallas, Texas and is or was a Dallas City Police Officer working for the Dallas Police Department and was at all times material, acting in that capacity and under the color of law. He may be served with process by serving him at 2014 Main Street, Dallas, Dallas County, Texas or wherever he may be found.

4. Defendant Albert Schoelen is a resident of Dallas, Texas and is or was a Dallas City Police Officer working for the Dallas Police Department and was at all times material, acting in that capacity and under the color of law. He may be served with process by serving him at 2014 Main Street, Dallas, Dallas County, Texas or wherever he may be found.

5. Defendant the City of Dallas, Texas is an incorporated municipality of the State of Texas and may be served with by serving its County Judge, Jim Foster, Dallas County Administration Building, 411 Elm, 2nd Floor, Dallas, Texas 75202.

## JURISDICTION AND VENUE

6. The Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343 since Plaintiffs are suing for relief under 42 U.S.C. § 1983. Any state law claims are brought pursuant to 28 U.S.C. §1367 and are subject to this court's supplemental jurisdiction. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. §1391

because Defendants are domiciled and/or reside in the Northern District of Texas, and all or a substantial part of the cause of action accrued in the Northern District.

## FACTS AND ALLEGATIONS

7. For some time now, police officers employed by the City of Dallas have been engaged in a repeated and systematic practice of issuing false, fake, fabricated or otherwise irregular tickets and citations to various members of the public as more particularly described below. Among other reasons, it appears that the reason at least in part, for this practice, is because the department is one that is driven by numbers and quotas and many officers and departments receive recognition, merit based pay increases and job promotions, and other favorable treatment from the department as an award for high volume tickets, arrests and convictions. This policy and procedure creates an environment that not only results in repeated civil rights violations, it actually encourages the practices complained of herein.

8. In many instances, the victims of these violations are poor, homeless, uneducated, not well conversant in English and are unable to speak up for themselves or defend themselves. They are unable to afford, or to obtain legal representation, in response to these false, fake, fabricated, manufactured and frivolous citations and arrests. In short, the police department and this practice appear to target the most vulnerable members of the public.

9. These practices are condoned, encouraged, blessed or otherwise permitted by the higher ups in the department and have continued unabated until only recently when the practices were finally brought to light by the media.

10. Among other illegal acts, the officers named herein, as well as others who remain to be identified in discovery, engaged in the conduct described more particularly below.

11. As a result of these actions, the Plaintiffs herein had to serve un-warranted jail time, suffer unnecessary and unwarranted abuse at the hands of these officers and otherwise had to be subjected to the fines, penalties and disgrace of the judicial system and incarceration - all for conduct for which they were wrongfully accused, charged and convicted - and all in violation of their civil rights.

12. Beginning in 2003, Mr. Hawkins was the target of systematic police interrogations, stops, arrests and tickets. On a weekly basis, Corporals Stecker, Nelson and Scholoen would harass Mr. Hawkins while on their beat which was the east of Central Expressway near Fitzhugh & Bennett streets. The officers would routinely force Hawkins to sign a blank citation for an offense he either did not commit or for which he was unaware he was being charged.

13. Many times these officers would arrest Hawkins for the offense of "obstruction of a passageway". Hawkins was subsequently jailed and forced to either plead guilty or remain in jail pending a trial. Upon information and belief, these arrests

were made without probable cause and were designed to harass, annoy and otherwise deprive Plaintiff Hawkins of his civil rights to be free from unlawful and illegal arrests.

14. In the years that followed and up through today, the remaining Plaintiffs were victimized by Corporals Stecker, Nelson and Scholoen in much the same manner. Plaintiffs RB Barton, Sabrina Chambers, Joanna Chambers, Tracy Gemait and Michael Cokefield all have suffered wrongful arrests, been forced to sign blank citations and have been wrongfully convicted and incarcerated. In fact, on December 21, 2006, Mr. Cokefield received two citations for the same offense, one from Corporal Nelson and the other from Corporal Scholoen.

15. In addition, on a routine basis, the female Plaintiffs herein were repeatedly subjected to lewd and oppressive conduct and were called explicit names, accused of being prostitutes – typically, while being hauled off to jail.

16. Further, many of the tickets that the officers wrote the Plaintiffs were never turned into the City of Dallas Detention Services and are unaccounted for, even though the Plaintiffs were jailed on, and served time for the alleged offenses.

17. The systematic pattern of abuse towards the Plaintiffs, while it continues in some instances, has slowed - coincidentally since the Corporals Scholeon and Nelson were finally removed from their positions in March 2008.

## CAUSE OF ACTION

### Claims under 42 U.S.C. § 1983

18. Plaintiffs re-allege and restate all of paragraphs 1 through 17 of this Complaint and incorporate each of said paragraphs herein by reference.

19. The Defendants had actual notice of the injuries suffered by Plaintiffs. Any conditions precedent have occurred, been performed, or have been waived.

20. Acting under the color of law, the Defendants have deprived Plaintiffs of the rights and privileges secured to Plaintiffs by the Fourth and Fourteenth Amendments to the United States Constitution and by other laws of the United States. They have falsely and intentionally cited and arrested Plaintiffs for violations of law, falsely incarcerated Plaintiffs and they have, harassed, abused, and otherwise violated basic civil rights afforded all citizens in the United States. The Defendants have maliciously prosecuted Plaintiffs under State Law and caused substantial harm to Plaintiffs as described above. By their actions and or inactions as described above, Defendants have violated 42 U.S.C. § 1983 and the constitutional provisions cited therein.

21. As a direct and proximate result of the above-described actions of the individual Defendants, Plaintiffs were deprived of their rights as guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §1983. These same acts of Defendants were a direct and proximate cause of the violations sustained by Plaintiffs under state law.

22. At all times relevant hereto, Defendants Nelson, Stecker and Schoelen, as police officers of the City of Dallas Police Department, were acting under the direction, control and supervision of the City of Dallas which acted through its agents and employees and who were responsible for making the policy of the police department, its officers and operations. Defendants Nelson, Stecker and Schoelen were acting pursuant to either official policy, the practice, custom, and/or operation of the City of Dallas and its police



department. Indeed, it appears that the City of Dallas failed to immediately address and respond to this improper conduct once it was disclosed in the media.

23. Acting under color of law, by and through the policy makers of the City and pursuant to official policy or custom and practice, the City of Dallas, by its police department, intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the inhabitants of the City of Dallas and to the Plaintiffs, failed to instruct, supervise, control, and/or discipline, on a continuing basis, Defendants Nelson, Stecker and Schoelen in the performance of their duties to refrain from:

    a.    Conspiring to violate the rights, privileges, and immunities guaranteed to each Plaintiff by the Constitution and Laws of the United States and the Laws of the State of Texas, and

    b.    Otherwise depriving citizens and individuals of their constitutional and statutory rights, privileges, and immunities.

24. The City of Dallas had knowledge of, or had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge of the wrongs that were done, as heretofore alleged. The City of Dallas had the power to prevent or aid in preventing the commission of said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the rights of the inhabitants of the city failed or refused to do so.

25. The City of Dallas, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants Nelson, Stecker and Schoelen heretofore described.

26. Defendant, the City of Dallas, had actual notice of previous problems and complaints concerning a long standing pattern of police misconduct yet failed to take corrective action. Further, the City of Dallas, had actual notice of previous supervisory concerns with Defendants Nelson, Stecker and Schoelen while they were working the overnight shift in Old East Dallas.

27. As a result of Defendants' statutory and constitutional violations, Plaintiffs have suffered serious and substantial injuries for which they request the award of the following categories of damages in an amount of not less than $75,000 per Plaintiff:

1. Emotional distress, torment and mental anguish;

2. Damage to reputation;

3. Loss of earnings; and

4. Personal injuries.

28. Pursuant to 42 U.S.C. § 1983 and 1988, Plaintiffs seek to recover, and hereby request the award of exemplary damages, reasonable attorney's fees and costs of court.

## JURY DEMAND

29. Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

FOR THE REASONS STATED ABOVE, Plaintiffs request that the Defendants Nelson, Stecker and Schoelen and City of Dallas be summoned to appear and answer herein and that upon final trial or hearing, a judgment be entered in favor of the Plaintiffs and against the Defendants as follows:

1. Awarding Plaintiffs actual damages;

2. Awarding Plaintiffs punitive or exemplary damages;

3. Awarding Plaintiffs reasonable and necessary attorneys fees and costs of court;

4. Awarding Plaintiffs pre-judgment interest at the highest rate permitted by law;

5. Awarding Plaintiffs post-judgment at the highest rate permitted by law; and,

6. Awarding Plaintiffs all such other and further relief, at law or in equity, to which they may be entitled.

Respectfully submitted,

*/s/ Robert L. Chaiken*

Robert L. Chaiken
State Bar No. 04057830
Attorney-in-Charge

**CHAIKEN & CHAIKEN, P.C.**
One Galleria Tower
13355 Noel Road, Suite 600
Dallas, Texas 75240
(214) 265-0250 telephone
(214) 265-1537 facsimile

**SCOTT H. PALMER, P.C.**
3232 McKinney Avenue
Suite 820, LB 36
Dallas, Texas 75204
(214) 987-4100 (*telephone*)
(214) 922-9900 (*telecopier*)

**ATTORNEYS FOR PLAINTIFFS**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
R. B. Barton et al.

**(b)** County of Residence of First Listed Plaintiff **Dallas**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Robert L. Chaiken, Chaiken & Chaiken, P.C., One Galleria Tower, 13355 Noel Road, Ste. 600, Dallas, TX 75240, (214)265-0250

## DEFENDANTS
Jeffrey Nelson, Timothy Stecker, Albert Schoelen, The City of Dallas

County of Residence of First Listed Defendant **Dallas**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**3-08CV1151-B**

RECEIVED JUL -8 2008 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 1983
Brief description of cause:
Civil rights violation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 7/8/08
SIGNATURE OF ATTORNEY OF RECORD
/s/ Robert L. Chaiken

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____