IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| R.B. BARTON, SABRINA CHAMBERS, JOANNA M. CHAMBERS, TRACY GERMAIT a/k/a NAOLANI SOLOMON, MICHAEL COKEFIELD and JAMES M. HAWKINS<br><br>Plaintiffs,<br><br>vs.<br><br>JEFFREY NELSON; TIMOTHY STECKER; ALBERT SCHOELEN; and THE CITY OF DALLAS,<br><br>Defendant. | §§§§§§§§§§§§§§§<br><br>Civil Action No. 3:08-CV-1151-B |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiffs R.B. Barton, Sabrina Chambers, Joanna M. Chambers, Tracy Germait a/k/a Naolani Solomon, Michael Cokefield and James M. Hawkins, hereinafter referred to as "Plaintiffs" file this, their First Amended Complaint, complaining of Jeffrey Nelson, Timothy Stecker, Albert Schoelen and The City of Dallas, Texas("Defendants"), and for Plaintiffs' causes of action would respectfully show the Court the following:

**PARTIES**

1. Plaintiffs are all residents of Dallas, Texas.

2. Defendant Jeffrey Nelson is a resident of Dallas, Texas and is or was a Dallas City Police Officer working for the Dallas Police Department and was at all times material,

**PLAINTIFFS' FIRST AMENDED COMPLAINT  Page 1 of 12**

acting in that capacity and under the color of law. He may be served with process by serving him at 2014 Main Street, Dallas, Dallas County, Texas or wherever he may be found.

3. Defendant Timothy Stecker is a resident of Dallas, Texas and is or was a Dallas City Police Officer working for the Dallas Police Department and was at all times material, acting in that capacity and under the color of law. He may be served with process by serving him at 2014 Main Street, Dallas, Dallas County, Texas or wherever he may be found.

4. Defendant Albert Schoelen is a resident of Dallas, Texas and is or was a Dallas City Police Officer working for the Dallas Police Department and was at all times material, acting in that capacity and under the color of law. He may be served with process by serving him at 2014 Main Street, Dallas, Dallas County, Texas or wherever he may be found.

5. Defendant the City of Dallas, Texas is an incorporated municipality of the State of Texas and may be served with by serving its County Judge, Jim Foster, Dallas County Administration Building, 411 Elm, 2nd Floor, Dallas, Texas 75202.

## JURISDICTION AND VENUE

6. The Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343 since Plaintiffs are suing for relief under 42 U.S.C. § 1983. Any state law claims are brought pursuant to 28 U.S.C. §1367 and are subject to this court's supplemental jurisdiction. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. §1391

because Defendants are domiciled and/or reside in the Northern District of Texas, and all or a substantial part of the cause of action accrued in the Northern District.

## FACTS AND ALLEGATIONS

7. For some time now, police officers employed by the City of Dallas have been engaged in a repeated and systematic practice of issuing false, fake, fabricated or otherwise irregular tickets and citations to various members of the public as more particularly described below. Among other reasons, it appears that the reason at least in part, for this practice, is because the department is one that is driven by numbers and quotas and many officers and departments receive recognition, merit based pay increases and job promotions, and other favorable treatment from the department as an award for high volume tickets, arrests and convictions. This policy and procedure creates an environment that not only results in repeated civil rights violations, it actually encourages the practices complained of herein.

8. In many instances, the victims of these violations are poor, homeless, un-educated, not well conversant in English and are unable to speak up for themselves or defend themselves. They are unable to afford, or to obtain legal representation, in response to these false, fake, fabricated, manufactured and frivolous citations and arrests. In short, the police department and this practice appear to target the most vulnerable members of the public.

9. These practices are condoned, encouraged, blessed or otherwise permitted by the higher ups in the department and have continued unabated until only recently when the practices were finally brought to light by the media.

10. Among other illegal acts, the officers named herein, as well as others who remain to be identified in discovery, engaged in the conduct described more particularly below.

11. As a result of these actions, the Plaintiffs herein had to serve un-warranted jail time, suffer unnecessary and unwarranted abuse at the hands of these officers and otherwise had to be subjected to the fines, penalties and disgrace of the judicial system and incarceration - all for conduct for which they were wrongfully accused, charged and convicted - and all in violation of their civil rights.

12. Beginning in 2003 and continuing through 2007, Mr. Hawkins was the target of systematic police interrogations, stops, arrests and tickets. On a weekly basis, Corporals Stecker, Nelson and Scholoen would harass Mr. Hawkins while on their beat which was the east of Central Expressway near Fitzhugh & Bennett streets. The officers would routinely force Hawkins to sign a blank citation for an offense he either did not commit or for which he was unaware he was being charged.

13. Many times these officers would arrest Hawkins for the offense of "obstruction of a passageway". This was a bogus charge. Hawkins was subsequently jailed and forced to either plead guilty or remain in jail pending a trial. Upon information and belief, these arrests were made without probable cause and were designed to harass,

annoy and otherwise deprive Plaintiff Hawkins of his civil rights to be free from unlawful and illegal arrests.

14. In the years that followed and up through today, the remaining Plaintiffs were victimized by Corporals Stecker, Nelson and Schoelen in much the same manner. Plaintiffs RB Barton, Sabrina Chambers, Joanna Chambers, Tracy Gemait and Michael Cokefield all have suffered wrongful arrests, been forced to sign blank citations and have been wrongfully convicted and incarcerated. In fact, on December 21, 2006, Mr. Cokefield received two citations for the same offense, one from Corporal Nelson and the other from Corporal Scholoen.

15. In forcing the Plaintiffs to sign blank citations, the Defendants later filled in the citations with bogus charges unbeknownst to the Plaintiffs, the citations then went to warrants, and Plaintiffs were arrested on the warrants and on failure to appear. Rather than contest the citations, which would mean that the Plaintiffs, who lacked sufficient wherewithal to make bail, would have to remain in jail pending trial, the Plaintiffs would plead guilty and would lay out the fines. Thus, the Defendants, through fraud and corruption, obtained bogus convictions on the Plaintiffs. This was the basic routine followed by Defendants: 1) give citations to the Plaintiffs based on bogus charges or force the Plaintiffs to sign blank citations; 2) wait until the citations went to warrants; 3) arrest the Plaintiffs pursuant to the warrants; 4) the Plaintiffs would then plead guilty in order to get out of jail by laying out the fine. This was a vicious cycle for the Plaintiffs. This cycle was repeated numerous times during the eight month period July, 2006 – February, 2007: 1)

34 citations for Michael Cokefield; 2) 31 citations for James Hawkins; 3) 3 citations for Joanna Chambers; and, 4) 51 citations for R. B. Barton. The fact that the individual Defendants obtained convictions on the charges was favorably indicated on the Defendants' police performance records.

16. In addition, on a routine basis, the female Plaintiffs herein were repeatedly subjected to lewd and oppressive conduct and were called explicit names, accused of being prostitutes – typically, while being hauled off to jail.

17. Further, many of the tickets that the officers wrote the Plaintiffs were never turned into the City of Dallas Detention Services and are unaccounted for, even though the Plaintiffs were jailed on, and served time for the alleged offenses.

18. The systematic pattern of abuse towards the Plaintiffs, while it continues in some instances, has slowed - coincidentally since the Corporals Scholeon and Nelson were finally removed from their positions in March 2008.

## CAUSE OF ACTION

### Claims under 42 U.S.C. § 1983

19. Plaintiffs re-allege and restate all of paragraphs 1 through 17 of this Complaint and incorporate each of said paragraphs herein by reference.

20. The Defendants had actual notice of the injuries suffered by Plaintiffs. Any conditions precedent have occurred, been performed, or have been waived.

21. Acting under the color of law, the Defendants have deprived Plaintiffs of the rights and privileges secured to Plaintiffs by the Fourth and Fourteenth Amendments to the

United States Constitution and by other laws of the United States. They have falsely and intentionally cited and arrested Plaintiffs for violations of law, falsely incarcerated Plaintiffs and they have, harassed, abused, and otherwise violated basic civil rights afforded all citizens in the United States. The Defendants have maliciously prosecuted Plaintiffs under State Law and caused substantial harm to Plaintiffs as described above. By their actions and or inactions as described above, Defendants have violated 42 U.S.C. § 1983 and the constitutional provisions cited therein.

22.     As a direct and proximate result of the above-described actions of the individual Defendants, Plaintiffs were deprived of their rights as guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §1983. Specifically, Plaintiffs, by virtue of the wrongful arrests and wrongful incarcerations, have suffered unreasonable seizures of their persons. Additionally, Plaintiffs' Fourteenth Amendment rights have been violated – specifically, by forcing the Plaintiffs to sign blank citations, the Plaintiffs were not given reasonable notice and opportunity to be heard. Instead, the Plaintiffs were arrested on warrants without due notice and opportunity to be heard prior to the arrest on warrants in violation of Plaintiffs' rights to procedural due process as guaranteed by the 14th Amendment to the Constitution. No reasonable official in the place of the individual Defendants could have misunderstood that Plaintiffs' clearly established Fourth and Fourteenth Amendment rights were being violated by the actions set forth above.

23.     At all times relevant hereto, Defendants Nelson, Stecker and Schoelen, as police officers of the City of Dallas Police Department, were acting under the direction, control and supervision of the City of Dallas which acted through its agents and employees and who were responsible for making the policy of the police department, its officers and operations. Defendants Nelson, Stecker and Schoelen were acting pursuant to either official policy, the practice, custom, and/or operation of the City of Dallas and its police department. Indeed, it appears that the City of Dallas failed to immediately address and respond to this improper conduct once it was disclosed in the media.

24.     Acting under color of law, by and through the policy makers of the City and pursuant to official policy or custom and practice, the City of Dallas, by its police department, intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the inhabitants of the City of Dallas and to the Plaintiffs, failed to instruct, supervise, control, and/or discipline, on a continuing basis, Defendants Nelson, Stecker and Schoelen in the performance of their duties to refrain from:

   a.  Conspiring to violate the rights, privileges, and immunities guaranteed to each Plaintiff by the Constitution and Laws of the United States and the Laws of the State of Texas, and

   b.  Otherwise depriving citizens and individuals of their constitutional and statutory rights, privileges, and immunities.

25.     The City of Dallas had knowledge of, or had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge of the wrongs that were done, as heretofore alleged. The City of Dallas had the

power to prevent or aid in preventing the commission of said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the rights of the inhabitants of the city failed or refused to do so.

26.     The City of Dallas, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants Nelson, Stecker and Schoelen heretofore described.

27.     Defendant, the City of Dallas, had actual notice of previous problems and complaints concerning a long standing pattern of police misconduct yet failed to take corrective action.  Further, the City of Dallas, had actual notice of previous supervisory concerns with Defendants Nelson, Stecker and Schoelen while they were working the overnight shift in Old East Dallas.

28.     Additionally, there is no adequate remedy, post-deprivation, for the officers' violations of Plaintiffs' rights to procedural due process.  The Texas Tort Claims Act does not waive governmental immunity for intentional torts such as "false imprisonment." Therefore, a Sec. 1983 action is necessary for the vindication of the Plaintiffs' federal rights to procedural due process.

29.     As a result of Defendants' statutory and constitutional violations, Plaintiffs have suffered serious and substantial injuries for which they request the award of the following categories of damages in an amount of not less than $75,000.00 per Plaintiff:

1.      Emotional distress, torment and mental anguish;

2.      Damage to reputation;

      3.      Loss of earnings; and

      4.      Personal injuries.

      30.      Pursuant to 42 U.S.C. § 1983 and 1988, Plaintiffs seek to recover, and hereby request the award of exemplary damages, reasonable attorney's fees and costs of court.

## STATE LAW CLAIMS

## NEGLIGENCE

31.     Defendants had a duty to not cite Plaintiffs on false charges.  Defendants violated this duty by citing the Plaintiffs on false charges.  The said breach of such duty was a proximate cause of Plaintiffs' arrests and imprisonment.

## JURY DEMAND

31.     Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

FOR THE REASONS STATED ABOVE, Plaintiffs request that the Defendants Nelson, Stecker and Schoelen and City of Dallas be summoned to appear and answer herein and that upon final trial or hearing, a judgment be entered in favor of the Plaintiffs and against the Defendants as follows:

   a.   Awarding Plaintiffs actual damages;

   b.   Awarding Plaintiffs punitive or exemplary damages;

   c.   Awarding Plaintiffs reasonable and necessary attorneys fees and costs of court;

   d.   Awarding Plaintiffs pre-judgment interest at the highest rate permitted by law;

   e.   Awarding Plaintiffs post-judgment at the highest rate permitted by law; and,

   f.   Awarding Plaintiffs all such other and further relief, at law or in equity, to which they may be entitled.

[Signature block on following page]

Respectfully submitted,

/s/ Scott H. Palmer
**SCOTT H. PALMER, P.C.**
3232 McKinney Avenue
Suite 820, LB 36
Dallas, Texas 75204
(214) 987-4100 (*telephone*)
(214) 922-9900 (*telecopier*)

Robert L. Chaiken
State Bar No. 04057830

**CHAIKEN & CHAIKEN, P.C.**
One Galleria Tower
13355 Noel Road, Suite 600
Dallas, Texas 75240
(214) 265-0250 telephone
(214) 265-1537 facsimile

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiffs' First Amended Complaint has been served upon all counsel of record via electronic case filing on this the 3rd day of November, 2008.

/s/Scott H. Palmer
Scott H. Palmer